## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LESH TRUCKING, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-CV-709-SLP |
| | ) |
| ACRISURE, LLC D/B/A | ) |
| FRATES IRWIN RISK MANAGEMENT | ) |
| SOLUTIONS, LLC | ) |
| | ) |
| Defendant. | ) |

### **O R D E R**

Before the Court is Defendant Acrisure, LLC's Motion for Summary Judgment [Doc. No. 54]. It is at issue. *See* Resp., Doc. No. 66. For the reasons set forth below, the court GRANTS IN PART Defendant Acrisure's Motion for Summary Judgement and REMANDS the remaining state law claims back to the District Court of Payne County.

### I.    **Summary judgment standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding if summary judgment is proper, the Court does not weigh the evidence and determine the truth of the matters asserted. *See Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1251 (10th Cir. 2015). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). An issue is "genuine . . . if

the evidence is such that a reasonable jury could return a verdict for the nonmoving party;" an issue is "material" if a dispute over the fact "might affect the outcome of the suit under the governing law." *Birch*, 812 F.3d at 1251 (quotation marks omitted).

Therefore, "[t]he question . . . is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quotation marks and citation omitted). "[O]n summary judgment, the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Id.* (alterations in original) (quotation marks and citation omitted). Still, "[t]he mere existence of a scintilla of evidence in support of the [non-moving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

Rule 56 "mandates the entry of summary judgment [if], after adequate time for discovery . . . a party . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also id.* at 322-23 ("In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." (quotation marks omitted)).

2

**II.    Discussion and analysis**

In June 2025, Defendant Canal Insurance Company, who was terminated from this lawsuit on May 1, 2026, removed this lawsuit from the District Court of Payne County, State of Oklahoma on the basis of federal question jurisdiction.  In its Petition, Plaintiff asserted two claims against Defendant Canal Insurance Company: (i) breach of duty pursuant to 49 C.F.R. § 387.323(a) and (ii) negligence pursuant to the same regulation. [Doc. No. 1-2] at 4.  As Defendant Canal has been terminated, the claims against it have also been terminated.  Plaintiff further asserts two claims against Defendant Acrisure, LLC: (i) breach of contract and (ii) negligence pursuant to § 387.323(a) as well as another claim for negligence not based on any regulation.  [Doc. No. 1-2] at 4–6.  Plaintiff's negligence claim pursuant to § 387.323(a) presents a question of law.  The Court will address the § 387.323(a) negligence claim but declines to address any remaining claims.[1]

**A.    Plaintiff's claim for negligence under 49 C.F.R. § 387.323(a).**

In its Notice of Removal, Plaintiff states, "Plaintiff's Petition . . . asserts three (3) counts against the Defendants: (1) breach of duty pursuant to 49 C.F.R. § 387.323 . . . (2) Breach of Contract (against Defendant [Acrisure] only); and (3) Negligence for failure to file the BMC-91 pursuant to 49 C.F.R. § 387.323 . . ." [Doc. No. 1] at 2.  Defendant Acrisure, as well as this Court, construed the Plaintiff's Petition, along with its Notice of

---

[1] Plaintiff asserts that Acrisure's Motion should be denied for failure to comply with Local Rule 56.1. [Doc. No. 66] at 1.  However, as the Court has noted, Plaintiff's § 387.323(a) negligence claim presents a question of law before the Court and therefore the Court does not need to rely on Plaintiff's undisputed facts to come to its conclusion.

Removal, to assert a negligence claim against Acrisure pursuant to § 387.323 and a negligence claim against Acrisure pursuant to no regulation.

Under § 387.323, "*Insurers* must electronically file forms. . . in accordance with the requirements and procedures set forth. . . in this section" (emphasis added).  49 C.F.R. § 387.323(a).  Throughout this litigation, both parties have asserted that Defendant Acrisure did not act as Plaintiff's insurer, but rather it acted as Plaintiff's insurance agent.  *See* [Doc. No. 1-2] at 2; [Doc. No. 14] at 2; [Doc. No. 54] at 3; [Doc. No. 66] at 1.  As Acrisure asserted in its Motion, because Acrisure was not acting as Plaintiff's insurer it owed no duty to Plaintiff under the regulation. [Doc. No. 54] at 3.  The Court agrees with Defendant Acrisure.  Acrisure was not Plaintiff's insurer and therefore it was not Acrisure's duty to file the forms.  In its Response, Plaintiff fails to address Acrisure's argument.  Instead, it essentially abandons its negligence claim pursuant to § 387.323 and states, "Acrisure owed a duty because it undertook to procure, maintain, service, and warn about the insurance coverage Lesh Trucking needed to operate as a motor carrier." (citations omitted). [Doc. No. 66] at 14.    Accordingly, based on the Court's own analysis, and because Plaintiff abandons its negligence claim pursuant to § 387.323(a) in its Response, the Court finds that as a matter of law this claim fails and shall be dismissed.

**B.    The dismissal of all of Plaintiff's claims under § 387.323(a) strips the court of original jurisdiction and thus remand is appropriate.**

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "Under 28 U.S.C § 1367(c), a district court may decline to exercise supplemental jurisdiction if 'the district court has dismissed all claims

4

over which it has original jurisdiction.'" *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011). In fact, "when all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Id.* (citations omitted); *see also Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 27–28 (2025) ("if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be 'remanded' to state court.").

In the case at hand, all federal claims have been resolved, as Defendant Canal was terminated from this lawsuit in May 2026, and Plaintiff's negligence claim pursuant to § 387.323(a) against Defendant Acrisure has been dismissed with this Order. Because all federal claims have been resolved, the Court finds that it may properly decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against Acrisure. Because this case was originally filed in state court, a remand is proper.

## III.   Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment [Doc. No. 54] is GRANTED IN PART (as to Plaintiff's negligence claim under 49 C.F.R. § 387.323(a)).

IT IS FURTHER ORDERED that this action is REMANDED to the District Court of Payne County. The Clerk of Court is directed to take all necessary actions required to remand this case to the District Court of Payne County, State of Oklahoma, as indicated herein.

IT IS SO ORDERED this 29th day of June, 2026.

5

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**